# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION |
| Plaintiff, | No. 04-515 |
| v. | |
| ANTHONY T. ALSTON, | |
| Defendant. | |

Pollak, J.                                                                                               June 14, 2010

## OPINION

On June 23, 2008, this court entered a final judgment and sentence ordering defendant Anthony Alston, to, among other things, (1) serve an extended term of incarceration, (2) pay a $2,500 fine, and (3) remit $375 in restitution to a Philadelphia jeweler. On November 23, 2009, Mr. Alston submitted a letter to this court (docket no. 97), which I construe as a motion to (1) waive the $2,500 fine pursuant to 18 U.S.C. § 3573, and (2) modify Mr. Alston's restitution repayment schedule pursuant to 18 U.S.C. § 3664(k). Pursuant to this court's order dated December 24, 2009 (docket no. 98), the government filed a response on January 16, 2010 (docket no. 99).[1]

---

[1] I will consider the government's response even though (1) it was submitted a day late, and (2) was faxed to chambers instead of being filed, as directed by this court's order dated December 24, 2009.

Pursuant to § 3573, Mr. Alston may not petition for waiver of his fine. Only the government may do so, and it has elected not to do so in its response. *See United States v. Seale*, 20 F.3d 1279, 1286 n.8 (3d Cir. 1994) (noting that a 1987 amendment to § 3573 removed the defendant's ability "to petition the court to remit or modify a fine"). Accordingly, Mr. Alston's motion will be denied insofar as it asks this court to waive the $2,500 fine.

This court may, however, modify the amount of, or waive, any interest that Mr. Alston would otherwise need to pay on his fine and restitution if it determines that Mr. Alston "does not have the ability to pay interest." 18 U.S.C. § 3612(f)(1). The government's response raises this issue but expressly declines to take a position, stating that it "is unable to decipher the exact reasons that the defendant cannot make interest payments." Gov't Opp'n, at 3. Moreover, it is not clear that interest is required by the language of 18 U.S.C. § 3612(f)(1), which mandates that "[t]he defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment."[2] Given that Mr. Alston's fine is $2,500 and the restitution is $375, the question arises whether the statutory term "fine or restitution of more than $2,500" is to be read as treating the fine and the restitution separately, with neither one exceeding $2,500, or in the aggregate, exceeding $2,500. Mr.

---

[2] The judgment of sentence in this case is silent as to interest; neither the box stating that "[t]he defendant must pay interest" nor the box stating that "[t]he court has determined that the defendant does not have the ability to pay interest" is checked. Docket No. 92, at 5.

Alston will therefore be given an opportunity to provide any further information or argument pertaining to whether he can and/or must pay interest, after which the government will have a further opportunity to respond.

Mr. Alston is entitled to "notify the court and the Attorney General of any material change in [his] economic circumstances that might affect [his] ability to pay restitution." 18 U.S.C. § 3664(k). In support of his motion to modify the repayment schedule, Mr. Alston submitted (1) a letter including a statement of his indigency, (2) medical information, including medically-caused prison work restrictions, and (3) a copy of his prison account statement from March to November 2009. The government's response, however, fails to address the § 3664(k) issue. This oversight should be repaired: If Mr. Alston has undergone a material change in circumstances, the government must "certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances" before this court may grant relief. *Id.* Accordingly, Mr. Alston may, if he wishes, provide further information in support of his motion to modify his restitution payments, after which the government will file a response on this issue.

Finally, it has come to this court's attention that Mr. Alston previously filed a motion for the return of property (docket no. 94), which is still unresolved. This court will therefore ask Mr. Alston to indicate whether the property discussed in that motion has been returned to him. If it has not, the government will be ordered to file a response regarding the status of Mr. Alston's property.

An appropriate order accompanies this opinion.