# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTHONY T. ALSTON | CRIMINAL ACTION<br><br>No. 04-515 |

Pollak, J.                                                                                   July 30, 2010

## OPINION

On October 5, 2007, a jury convicted defendant Anthony T. Alston of crimes related to the robbery of a Philadelphia jeweler. On June 23, 2008, this court entered a final judgment and sentence ordering Alston to, *inter alia*, (1) serve an extended term of incarceration, (2) pay a $2,500 fine, and (3) remit $375 in restitution to the victimized jeweler. On November 23, 2009, Alston submitted a letter to this court (docket no. 97), which I construed as seeking to (1) waive the $2,500 fine pursuant to 18 U.S.C. § 3573, and (2) modify Alston's restitution repayment schedule pursuant to 18 U.S.C. § 3664(k). In an opinion dated June 14, 2010, I denied Alston's motion to waive payment of the fine itself but ordered the government to file a response concerning whether Alston is (1) required to pay interest on the fine, and/or (2) entitled to a revised restitution payment schedule. I further ordered both parties to file responses concerning Alston's pending

1

motion for the return of personal property (docket no. 94), which I construe as submitted pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. Defendant filed his response on June 28, 2010, and the government submitted its (belated and perfunctory) responses on July 22, 2010.[1]

## I.

18 U.S.C. § 3612(f)(1) provides that a "defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment." The government contends that under this language, "the defendant must pay interest on his fine of $2,500." Dkt. No. 107, at 2. The government's contention is plainly at odds with the language of the statute, which requires the payment of "interest on any fine . . . of *more* than $2,500." However, as noted in this court's June 14 opinion, the statute, to the extent applicable in this case, involving *both* a fine *and* restitution, is susceptible to two interpretations. It is arguable that the statute requires the payment of interest when the *sum* of these two obligations is "more than $2,500." It is also arguable (and this tracks somewhat more closely the language of the statute) that interest is called for on a *fine* "of more than $2,500," and, separately, interest is called for on *restitution* "of more than $2,500." In this case, neither the fine nor the restitution is "more than $2,500," but the sum of the obligations – $2,875 – is "more than $2,500." *See*

---

[1] As stated in the June 14 order, Alston's response was due no later than twenty-one days after June 14, 2010 and was timely filed on June 28. The government's response on all issues was due on July 8, 2010, ten days after Alston's response was filed.

*United States v. Alston*, No. 04-cr-515, 2010 WL 2470805, at *1 (E.D. Pa. June 14, 2010).

Although the government fails to address either of these interpretations, this case does not require me to choose between them. 18 U.S.C. § 3612(f)(3) authorizes this court to, *inter alia*, "waive the requirement for interest" "[i]f [it] determines that the defendant does not have the ability to pay interest." Defendant's prison accounts from April to August 2009 reflect payroll credits of between $9.60 and $20.40 per month, and he states that he now earns about $5 per month. The government does not object to the waiver of any required interest payments, and I find that, given this minuscule income, which appears unlikely to increase in the foreseeable future, Alston lacks the ability to pay interest. Accordingly, any interest that Alston would otherwise be required to pay will be waived.

## II.

Pursuant to 18 U.S.C. § 3664(k), this court may, upon being "notif[ied]" by the defendant "of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," "adjust the payment schedule . . . as the interests of justice require." Section 3664 therefore requires more than indigency in order for the modification of a restitution schedule to be proper; it requires a material change in the defendant's economic circumstances. As a general matter, "[t]he fact that [defendant] is serving a lengthy sentence and receives limited earnings from his prison employment is not a changed circumstance." *United States v. Knight*, No. 94-cr-32, 2008 WL 763305, at

*3 (E.D. Pa. Mar. 20, 2008), *aff'd*, 315 F. App'x 435 (3d Cir. 2009). Moreover, while Alston has serious medical issues, this court was aware that Alston had health problems at the time it imposed sentence; the fact of defendant's poor health therefore does not constitute a material change in circumstance, see *United States v. Balter*, 164 F. App'x 211, 213 (3d Cir. 2005), and defendant's submissions do not show that his health has significantly worsened since the judgment of sentence was imposed in June 2008. Alston makes no other arguments in support of his request to change his repayment schedule, and that motion will therefore be denied. Defendant may, however, refile the motion if, at any point, his economic circumstances become significantly worse than they were at the time of his sentence.

### III.

"It is well settled that the Government may seize evidence for use in investigation and trial, but that it must return the property once the criminal proceedings have concluded, unless it is contraband or subject to forfeiture." *United States v. Bein*, 214 F.3d 408, 411 (3d Cir. 2000). If the government fails to return the property when obligated to do so, a remedy is provided by Rule 41(g) of the Federal Rules of Criminal Procedure, which provides in part that "[a] person aggrieved by an unlawful search and seizure of property may move for the property's return." When, as in this case, a Rule 41(g) motion is filed "after the termination of criminal proceedings against the defendant[,] . . . such an action is treated as a civil proceeding for equitable relief." *Bein*, 214 F.3d at 411. And when the government "retain[s] the seized property" beyond the

4

"conclusion of a criminal proceeding," it has the "heavy" burden of "demonstrat[ing] it has a legitimate reason to retain the seized property," "because there is a presumption that the person from whom the property was taken has a right to its return." *United States v. Albinson*, 356 F.3d 278, 280 (3d Cir. 2004). Rule 41(g) requires this court to "receive evidence" in deciding a motion to return property, Fed. R. Crim. P. 41(g), and if there is a "'disputed issue of fact necessary to the resolution of the motion,'" this court must hold an evidentiary hearing, *Albinson*, 356 F.3d at 283 (quoting *United States v. Chambers*, 192 F.3d 374, 378 (3d Cir. 1999)).

Defendant requests the return of (1) $681.00, (2) one roll of film, (3) a key ring with a single key attached, and (4) three pieces of jewelry – a gold chain, a gold bracelet, and a watch. In opposition to the motion, the government states only that it "contends that the cash taken from the defendant by the Philadelphia Police at the time of his arrest . . . constitute fruits of the crime and cannot be returned," and that "[a]ny other personal property taken from the defendant at the time of his arrest should be in the custody of the Philadelphia Police." Dkt. No. 106, at 2.

This response is inadequate. As to the items of personal property, the government may be said to constructively possess property where "it has adopted [the criminal] matter as a federal prosecution" and "'the property was considered evidence in the federal prosecution.'" *United States v. Gulley*, No. 05-cr-16, 2007 WL 870118, at *2 (W.D. Pa. Mar. 16, 2007) (quoting *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999)). Here, Alston alleges that his property "was taken into evidence" for the trial. Dkt. No.

5

94, at 1. As a result, the fact that the government might not be in physical possession of the property is immaterial, and the government must, in any case, "do more than state, without documentary support, that it" does not have the property. *Chambers*, 192 F.3d at 378 (discussing a situation in which the government alleged it had previously, but no longer, possessed the property at issue). The government has similarly failed to present any evidence that the cash is, as it asserts, "fruits of the crime." Rather, the governmetn merely cites to a footnote in this court's denial of Alston's motion for a new trial concerning the credibility of Alston's testimony. *See* Dkt. No. 84, at 10 n.4.

In light of these inadequacies and of Rule 41(g)'s requirement that this court "receive evidence" on Alston's motion, the government will be ordered to file a further brief responding in full, with evidence, to defendant's motion, and Alston will be afforded an opportunity to file a reply brief with evidence in support of his motion. This court will thereafter schedule an evidentiary hearing, if necessary.

An appropriate order accompanies this opinion.